UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE L. VENABLE,<br><br>                Plaintiff,<br><br>   v.<br><br>TALLY,<br><br>                Defendant. | Case No.  2:24-cv-01779-JDP (PC)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>**SCREENING ORDER**<br><br>FINDING THAT THE COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM AND GRANTING LEAVE TO AMEND<br><br>ECF No. 1 |

      Plaintiff, a state prisoner, brings this action against defendant Tally and alleges that she violated his Eighth Amendment rights by using excessive force against him. ECF No. 1 at 3-5. The complaint, taken as true, fails to state an Eighth Amendment excessive force claim, however. I will give plaintiff an opportunity to amend before recommending this action be dismissed. I will also grant his application to proceed *in forma pauperis*. ECF No. 2.

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that, on November 15, 2023, he was sitting at a desk in a computer vocational class. ECF No. 1 at 3. Defendant Tally, an "education employee" at the prison, approached him and demanded to know what was going on with his computer. *Id.* Plaintiff claimed that the machine simply needed to restart, but Tally insisted he "do something else" and the two began to argue. *Id.* at 3-4. He alleges that, during their argument, Tally's "hand went across [his] shoulder," thereby violating his right to be free from excessive force. *Id.* at 4. Plaintiff also alleges that, after the incident, Tally filed a false disciplinary report against him. *Id.*

These allegations, taken as true, fail to state a cognizable claim. As to the alleged use of force, a hand passing across plaintiff's shoulder is the kind of *de minimis* use of force that the Supreme Court has held does not violate the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.") (internal quotation marks omitted). Here, despite characterizing the touch as an "assault," ECF No. 1 at 5, plaintiff does not allege that Tally struck him with any great force or that she inflicted significant injury or pain in moving her hand across his shoulders. And, as to the false disciplinary report, prisoners have no federal right to be free from false disciplinary allegations. *See Brown v. Godwin*, No. 2:15-cv-01300 WBS AC P, 2017 U.S. Dist. LEXIS 67686, *5 (E.D. Cal. May 3, 2017) ("Inmates do not have any due process right to be free from false disciplinary charges."). Plaintiff may file an amended complaint that explains why this action should still proceed. If he does not, I will recommend this action be dismissed.

Plaintiff is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must file an amended complaint that complies with this order. If he fails to do so, I will recommend that this action be

dismissed.

    2.  The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

    3.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:   August 17, 2024  

    JEREMY D. PETERSON
    UNITED STATES MAGISTRATE JUDGE