UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE L. VENABLE, | Case No. 2:24-cv-1779-JDP (P) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| TALLY, | |
| Defendant. | |

Plaintiff, a state prisoner, alleges in his first amended complaint that defendant Talley violated his Eighth Amendment rights by using excessive force against him. ECF No. 8. The complaint has not cured the defects identified in the court's prior screening order and continues to fail to state an Eighth Amendment excessive force claim. Therefore, I will recommend that this action be dismissed without leave to amend for failure to state a claim.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.  Analysis**

Plaintiff alleges that on September 20, 2023, he reported to the education department and sat at a computer to begin working. ECF No. 8 at 3. Plaintiff attempted to log into the computer, but his password was not working. *Id.* Plaintiff asked his teacher, defendant Talley, why his password was always changing, to which she responded that she did not know. *Id.* Plaintiff then asked Talley for the code to reset his password, and when she approached his desk and told him to put his code in, plaintiff explained to her that he had already done so. Talley told plaintiff to do it again. Plaintiff did not respond, but Talley tried to make it seem as if plaintiff was causing the computer error. *Id.* at 3-4. Talley asked plaintiff again if he was going to type in the code, to which plaintiff did not respond. *Id.* at 4. Talley then asked plaintiff if he wanted to go back his cell, to which he responded that he did not want to return to his cell, he only wanted his code

1  reset. *Id.* Following this conversation, plaintiff "felt a hit on [his] should[er] and [his] vest lift
2  up, Talley had struck [him] in her actions to remove me from her class with force enough to lift
3  [his] vest from [his] shoulder and back area." *Id.* Plaintiff told Talley to not touch him, to which
4  she responded that she had not touched him. Talley then sought the assistance of Officer Mortel.
5  *Id.* Plaintiff alleges that he suffers from stress, anxiety, anger, and fear as a result of Talley's
6  actions. *Id.* at 6.

7  These allegations, taken as true, fail to state a claim for excessive force against Talley.
8  The alleged use of force is that Talley's hand "hit" plaintiff's shoulder and lifted his vest. This is
9  the kind of *de minimis* use of force that the Supreme Court has held does not violate the Eighth
10 Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) ("The Eighth Amendment's
11 prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition
12 *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the
13 conscience of mankind.") (internal quotation marks omitted). As explained in the court's prior
14 screening order, the allegations do not claim that Talley struck plaintiff with any great force or
15 that she inflicted significant injury or pain by making contact with his shoulder and lifting his
16 vest. The alleged contact does not rise above the *de minimis* threshold. *See Wilkins v. Gaddy*,
17 559 U.S. 34, 40 (2010) ("An inmate who complains of a 'push or shove' that causes no
18 discernible injury almost certainly fails to state a valid excessive force claim."); *Ferrell v.*
19 *Clackamas Cnty. Sheriff's Dep't*, No. 93-35042, 1993 WL 501590, at *1 (9th Cir. Dec. 3, 1993)
20 (holding that pushing the plaintiff into a desk "would not rise to the level of a constitutional
21 violation" and explaining that the Eighth Amendment "does not reach *de minimis* uses of physical
22 force"); *Broadway v. Lynn*, No. CV S-09-0192 GGH P, 2009 WL 10658353, at *2 (E.D. Cal.
23 Aug. 28, 2009), *aff'd*, 523 F. App'x 465 (9th Cir. 2013) (explaining that "[n]ot every unnecessary
24 push and shove is actionable under the Eighth Amendment").

25 Accordingly, it is ORDERED that the Clerk of Court randomly assign a district judge to
26 this matter.

27 Further, it is hereby RECOMMENDED that this action be dismissed for failure to state a
28 claim without leave to amend and that the Clerk of Court be directed to close this action.

1      These findings and recommendations are submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
3  after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
6  objections shall be served and filed within fourteen days after service of the objections.  The
7  parties are advised that failure to file objections within the specified time may waive the right to
8  appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*
9  *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:  December 19, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE